# Exhibit A



"John Soumilas"
<JohnSoumilas@consumerla
wfirm.com>

05/21/2010 01:44 PM

To "Daniel J. McLoon" <djmcloon@JonesDay.com>, "D Theodore Rave" <DRave@JonesDay.com>

cc

bcc

Subject RE: Sheldon v. Experian: Request for Extension -- Supplemental Submission Options

History: 🖻 This message has been replied to.

Yes.

**From:** Daniel J. McLoon [mailto:djmcloon@JonesDay.com]
**Sent:** Friday, May 21, 2010 1:27 PM
**To:** John Soumilas; D Theodore Rave
**Subject:** Re: Sheldon v. Experian: Request for Extension -- Supplemental Submission Options


John- I assume we will do a simultaneous exchange of our respective portions at 2:30 and you will subsequently provide us with the assembled version for our approval. Please confirm. Thank you. Dan

--------------------
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
--------------------

**From:** "John Soumilas" [JohnSoumilas@consumerlawfirm.com]
**Sent:** 05/19/2010 01:41 PM AST
**To:** D Theodore Rave
**Cc:** Daniel McLoon
**Subject:** RE: Sheldon v. Experian: Request for Extension -- Supplemental Submission Options

Okay.

**From:** D Theodore Rave [mailto:DRave@JonesDay.com]
**Sent:** Wednesday, May 19, 2010 1:36 PM
**To:** John Soumilas
**Cc:** Daniel J. McLoon
**Subject:** RE: Sheldon v. Experian: Request for Extension -- Supplemental Submission Options

John:

The joint cover page looks fine to us.  Can we push the exchange back to 2:30pm on Friday?

Thanks,
Teddy



D. Theodore Rave
Jones Day
222 East 41st St.
New York, NY  10017
Tel: 212-326-8315
Fax: 212-755-7306
drave@jonesday.com
www.jonesday.com


| "John Soumilas" <JohnSoumilas@consumerlawfirm.com><br><br>05/19/2010 12:08 PM | To "D Theodore Rave" <DRave@JonesDay.com><br>cc "Daniel J. McLoon" <djmcloon@JonesDay.com><br>Subject RE: Sheldon v. Experian: Request for Extension -- Supplemental Submission Options |
|---|---|



Teddy:

That sounds reasonable, and we agree.  Thank you for the prompt response.

I've attached what I envision can be our joint cover page.  Please let me know whether that is acceptable.

If you send us via e-mail your "Part I" in PDF format, we can incorporate it into a single document (Joint Cover page, Part I, and Part II) and file it.  Could we agree to exchange our respective parts via PDF at 2:00 pm this Friday, with the filing to follow immediately thereafter?

John

**From:** D Theodore Rave [mailto:DRave@JonesDay.com]

**Sent:** Wednesday, May 19, 2010 11:28 AM
**To:** John Soumilas
**Cc:** Daniel J. McLoon
**Subject:** RE: Sheldon v. Experian: Request for Extension -- Supplemental Submission Options

John:

We can agree to Option #2 as you propose, though we will likely address our proposed issue 4 (on the SSA's error rate) under joint issue 3.

Also, can we agree that this submission will only address arguments expressly made at the oral argument? Please advise.

Regards,
Teddy

D. Theodore Rave
Jones Day
222 East 41st St.
New York, NY 10017
Tel: 212-326-8315
Fax: 212-755-7306
drave@jonesday.com
www.jonesday.com

| | |
|---|---|
| **"John Soumilas"** **<JohnSoumilas@consumerlawfirm.com>** 05/19/2010 10:18 AM | To "Daniel J. McLoon" <djmcloon@JonesDay.com> cc "D Theodore Rave" <DRave@JonesDay.com> Subject RE: Sheldon v. Experian: Request for Extension -- Supplemental Submission Options |

Dan:

Thanks for the e-mail. Experian is free to brief whatever issues it believes address the Judge's concerns in its portion of the supplemental submission, and so are we. We do not agree that yours are "objective" questions presented, or that there can truly be such a thing in the realm of advocacy, but we had that discussion before and I do not seek to repeat it here. It seems to me that we have two options:

Option #1. Each side can brief the issues as it deems appropriate, including the wording of the issues presented. Yours can be part I and ours can be part II of a supplemental joint submission. So long as neither side adds new issues, we will both have an opportunity to make our points as we see fit, even though our briefing structure will look different.

Option #2. We present 4 common issues on a joint cover page, and then each side can brief its respective position on those 4 issues -- including any necessary subparts to those issues. It seems to me that your issues 1-3 closely track our issues 1-3. We can live with your wording of those 3 issues, not because it is objective, but as a compromise. Your issues 4 and 8 can be discussed as sub-parts of issue #1. We do not agree with how you word those issues presented, but you can discuss them as you see fit under #1 and we can also address those sub-issues under #1. That leaves our issues #4 and your issues # 5, 6, and 7. Broadly speaking, that's the willfulness issue. We cannot agree with how you word the issue presented, and you could not agree to how we worded that issue either. Perhaps we can come up with a compromise, vanilla questions – such as, Do the applicable legal precedents and factual record demonstrate that Experian is entitled to summary judgment on Plaintiffs' claims that the FCRA violations here were willful? Under that general issue (#4), you can discuss all the sub-parts that you list as 5, 6 and 7 in the manner that you see fit, and word the sub-parts or the sub-issues as you see fit. We can obviously do the same. Thus option #2 would have a cover page with these issues -- in red below -- followed by our respective positions, including a discussion of all necessary subparts:

1. Does Experian have specific procedures for ensuring the accuracy of information about consumers' deceased status?

(your discussion if issues 4 and 8 here, with our discussion to also encompass those areas as we see fit)

2. Is expert testimony by either party necessary at the summary judgment stage to decide Experian's pending motion?

3. What is the scope of the error rate in Experian's reporting of deceased indicators?

4. Do the applicable legal precedents and factual record demonstrate that Experian is entitled to summary judgment on Plaintiffs' claims that the FCRA violations here were willful?

(your discussion if issues 5, 6 and 7 here, with our discussion to also encompass those areas as

we see fit).

       Time is short, and we need to finalize and file this supplemental submission soon. Please let me know whether you can live with option #2. If not, I suggest that we go with option #1. Please advise today.

       John

**From:** Daniel J. McLoon [mailto:djmcloon@JonesDay.com]
**Sent:** Tuesday, May 18, 2010 12:42 PM
**To:** John Soumilas
**Cc:** D Theodore Rave
**Subject:** Re: Sheldon v. Experian: Request for Extension

John- here is our proposed revised list of issues, please provide your comments:

1. Does Experian have specific procedures for ensuring the accuracy of information about consumers' deceased status?

2. Whether expert testimony by either party is necessary at the summary judgment stage to decide Experian's pending motion.

3. What is the scope of the error rate in Experian's reporting of deceased indicators?

4. What is the scope of the error rate of the Social Security Administration's master death file?

5. Whether, for a willfulness claim, the Supreme Court's decision in Safeco mandates an objective inquiry as a matter of law into the reasonableness of Experian's procedures under clearly established law, or requires evidence of Experian's subjective reading of the statute at the time based on advice of counsel.

6. Whether any authoritative guidance from the circuit courts or FTC established that when a consumer reporting agency receives information from sources it has reasonably determined to be reliable and has no reason to doubt, it must go beyond the face of that information and make additional efforts to test its accuracy.

7. Whether there is any valid Third Circuit precedent applying the willfulness standard after Safeco.

8. Whether there is any evidence that Experian has continued to report consumers as deceased after being notified by the consumer of the error.

Regards, Dan

---

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

---

**From:** "John Soumilas" [JohnSoumilas@consumerlawfirm.com]
**Sent:** 05/17/2010 01:02 PM AST
**To:** Daniel McLoon
**Cc:** D Theodore Rave
**Subject:** RE: Sheldon v. Experian: Request for Extension

Dan:

The way I see it, there were four major areas of disagreement at the oral argument; the first three stemming from questions asked by the court and the fourth related to the FCRA willfulness debate you and I had.

(1) Whether any practice or procedure at Experian has ever addressed at any level the deceased indicator inaccuracy complained of in this action;
(2) Whether Experian has proffered expert evidence at summary judgment and whether expert evidence is necessary in this type of FCRA litigation;
(3) Whether the scope of the deceased indicator problem complained of here is as minor as Experian suggested at oral argument; and
(4) Whether Experian has ever made a proper proffer of any "objectively reasonable reading" of any FCRA section at issue in this case.

I do not know that we can agree on a list of issue (or how to word the issues presented in the supplemental submission), but we should not be speaking past each other in our submissions, if we could avoid it. Thus, please let us know what you think the main areas are from your point of view for the supplemental submission. Thanks.

John

**From:** Daniel J. McLoon [mailto:djmcloon@JonesDay.com]
**Sent:** Monday, May 17, 2010 1:54 AM
**To:** John Soumilas
**Cc:** D Theodore Rave
**Subject:** Re: Sheldon v. Experian: Request for Extension

John- in reviewing the transcript, it does appear the judge wants us to brief the points where there was disagreement at oral argument; he asked for our "respective" positions on those issues. Thus, I think we need to have a common list of issues we will both address. Can you provide your list for us to supplement? Thanks, Dan

-------------------
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
-------------------

**From:** "John Soumilas" [JohnSoumilas@consumerlawfirm.com]
**Sent:** 05/13/2010 04:59 PM AST
**To:** Kevin Meacham
**Cc:** Daniel McLoon
**Subject:** RE: Sheldon v. Experian: Request for Extension

Okay, thanks.

**From:** Kevin C Meacham [mailto:kcmeacham@jonesday.com]
**Sent:** Thursday, May 13, 2010 4:51 PM
**To:** John Soumilas
**Cc:** Daniel J. McLoon
**Subject:** RE: Sheldon v. Experian: Request for Extension

John,

I incorporated your changes and am faxing the revised letter to the court.

Thanks

 **Kevin C. Meacham**

500 Grant Street, Suite 4500, Pittsburgh, PA 15219-2514
**Direct:** 412.394.7265 • **Fax:** 412.394.7959

kcmeacham@jonesday.com
Jones Day - One Firm Worldwide

**"John Soumilas"**
**<JohnSoumilas@consumerlawfirm.com>**

05/13/2010 04:26 PM

To "Kevin C Meacham"
   <kcmeacham@jonesday.com>
cc "Daniel J. McLoon"
   <djmcloon@JonesDay.com>
SubjeRE: Sheldon v. Experian: Request for ctExtension

I thought that we were asking for 7 more days because Dan was ill. This suggests that with another 7 days we can reach agreement on the submission. I would feel more comfortable with the following text – with my changes in red:

Dear Judge Ludwig:
I write on behalf of all the parties in the above-captioned matter to respectfully request a seven (7) day extension for submitting the statement addressing the discrepancies raised at the oral argument on Experian's motion for summary judgment.
Argument on Experian's motion for summary judgment was held on April 29, 2010. At the conclusion of oral argument, the Court orally directed counsel to make a joint submission by May 14, 2010, regarding certain discrepancies expressed at argument. Counsel for the parties have conferred in detail, but have not been able to reach agreement on the form and scope of the

submission. Each side has thus been drafting what it believes in good faith to be the appropriate supplemental submission discussing its views on the discrepancies. Unfortunately, counsel for Experian has been ill for several days.

Thus, the parties request an additional seven (7) days, until May 20, 2010, to file the Court ordered submission.


**From:** Kevin C Meacham [mailto:kcmeacham@jonesday.com]
**Sent:** Thursday, May 13, 2010 4:08 PM
**To:** John Soumilas
**Cc:** Daniel J. McLoon
**Subject:** Sheldon v. Experian: Request for Extension


John,

Attached is the draft request for a seven day extension, per our earlier conversation. Let me know if I have your consent to submit to the court. We would like to send it this afternoon.

Thanks

 | **Kevin C. Meacham**

500 Grant Street, Suite 4500, Pittsburgh, PA 15219-2514
**Direct:** 412.394.7265 • **Fax:** 412.394.7959
kcmeacham@jonesday.com
Jones Day - One Firm Worldwide

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========[attachment "Cover Page re Post-Oral Argument Supplemental Submissions, 5-21-10.pdf" deleted by D Theodore Rave/JonesDay]

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========